# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Kimberly Sylvester, Lisa Steinbeiser-Maurer, Carolee Lindsey, Roger Cromwell, Jennifer Byrd, Janice Bayne, Robin Mitchum and Gladys Hall, as Personal Representative of the Estate of David Hall, on behalf of themselves and all other persons similarly situated,** ) ) ) ) ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| **v.** ) ) | |
| **CIGNA Corporation d/b/a CIGNA Healthcare, CIGNA Holdings, Inc., Connecticut General Corporation, CIGNA Health Corporation, Healthsource, Inc., Healthsource Management, Inc., CIGNA Insurance Group, Inc., f/k/a Healthsource Insurance Group, Inc., Healthsource Corporate Services, Inc., Healthsource Employer Services, Inc., Healthsource South, Inc., Employee Benefit Plan Administration, Inc., Kilmoylar Corporation, CIGNA HealthCare of Maine, Inc., CIGNA HealthCare Preferred of Maine, Inc., Healthsource Maine Management, Inc., CIGNA HealthCare of New Hampshire, Inc., CIGNA HealthCare Preferred of New Hampshire, Inc., CIGNA HealthCare of South Carolina, Inc., CIGNA Insurance Services Company, Physicians' Health Systems, Inc., Provident Health Care Plan, Inc. of South Carolina, CIGNA HealthCare of Indiana, Inc., Healthsource Indiana, Inc., CIGNA Indiana Insurance Company, CIGNA HealthCare of Connecticut, Inc., Healthsource Connecticut Preferred, Inc., Healthsource Connecticut Ventures, Inc., CIGNA HealthCare of New York, Inc., CIGNA HealthCare Preferred of New York, Inc., Healthsource Syracuse, Inc., Healthsource Metropolitan New York Holding Company, Inc., CIGNA HealthCare of Ohio, Inc., CIGNA HealthCare Preferred of Ohio, Inc., Healthsource Ohio Ventures, Inc., CIGNA HealthCare of Kentucky, Inc., Healthsource Kentucky Ventures, Inc., Healthsource Kentucky Preferred, Inc., CIGNA HealthCare of Texas, Inc., Healthsource North Texas, Inc., CIGNA HealthCare** ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **Civil Action No. 03-CV-176-P-S** |

| | |
|---|---|
| of Arkansas, Inc., CIGNA HealthCare Preferred of Arkansas, Inc., Healthsource Arkansas Ventures, Inc.,  Spradley & Coker, Inc., CIGNA HealthCare of Georgia, Inc., Healthsource Georgia Preferred, Inc., CIGNA HealthCare of North Carolina, Inc., Provident Health Care Plan, Inc. of North Carolina, CIGNA HealthCare of North Carolina Administrators, Inc., Healthsource Health Plans, Inc., CIGNA HealthCare of Massachusetts, Inc., Healthsource Florida, Inc., CIGNA HealthCare of Tennessee, Inc., CIGNA HealthCare Preferred of Tennessee, Inc., Healthsource Insurance Company, Healthsource Provident Administrators, Inc., Provident Health Plans, Inc., Provident Health Care Plan, Inc. of Tennessee and Healthsource Rhode Island, Inc., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| **Defendants.** | |

# ORDER PRELIMINARILY APPROVING REVISED SETTLEMENT AND SETTING HEARING FOR FINAL APPROVAL

WHEREAS the action entitled *Sylvester et al. v. CIGNA Corporation et al.*, Docket No. 03-CV-176-P-S, was filed, on behalf of a Class pursuant to Rule 23 of the Federal Rules of Civil Procedure on July 15, 2003 ("the Class Action Litigation");

WHEREAS this Court has jurisdiction over the Class Action Litigation pursuant to 28 U.S.C. § 1331, because Plaintiffs and the Class make claims under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. §§ 1001 et seq., and under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 et seq.;

WHEREAS this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to non-federal claims;

WHEREAS the parties to the Class Action Litigation entered into an initial Settlement Agreement executed on July 23, 2004 and amended on January 14, 2005 ("the Initial Settlement");

WHEREAS the Court preliminarily approved the form and manner of notice and conditionally certified the class, as defined in the Second Amended Complaint, all in connection with the Initial Settlement;

WHEREAS notice of the Initial Settlement was given to the Class in accordance with the Initial Settlement and the Court's preliminary approval of the same;

WHEREAS 7,875 putative Class Members filed timely and valid claims for payment of $51.97 each pursuant to the terms of the Initial Settlement;

WHEREAS, after due notice of the Initial Settlement given in accordance with due process and the requirements of Rule 23 of the Federal Rules of Civil Procedure, 173 putative Class Members opted out of the Class; and 31,894 Class Members neither opted out, objected, nor filed a timely and valid claim, effectively agreeing to release their claims in exchange for no payment;

WHEREAS the Court denied the motion for final approval of the Initial Settlement, and the previously certified Class was thereby decertified;

WHEREAS on August 12, 2005, the Parties executed a Revised Settlement Agreement (the "Revised Settlement Agreement"), reflecting the terms of a compromise agreement reached in the course of a judicial settlement conference held before Hon. Margaret J. Kravchuk on July 11, 2005 (the "Revised Settlement");

WHEREAS the Revised Settlement contemplates that a Class encompassing the putative class in the Class Action Litigation shall be certified by this Court for the purposes of settlement;

WHEREAS the Revised Settlement requires Defendants to create a settlement fund of $2,300,000 in the aggregate for payments to Class Members as defined in the Revised Settlement

Agreement and for certain other payments to effectuate the Revised Settlement as also defined in the Revised Settlement Agreement;

WHEREAS Class Counsel propose that each of the 7,875 Class Member that claimed $51.97 in connection with the Initial Settlement shall receive $51.97 as part of the Revised Settlement, and the remaining Class Members who neither opted out of nor filed timely and valid claims under the Initial Settlement shall be entitled to receive a per capita share of the balance remaining in the Settlement Trust after payment of (a) claims of Class Members who did file timely and valid claims under the Initial Settlement; (b) Class Representative compensation; (c) attorneys' fees of class counsel; (d) costs of class counsel; and (e) expenses of settlement administration — which shares shall be paid directly to all Class Members who have previously been located or who could not be located but make their whereabouts known no later than 45 days after publication of notice in *USA Today*.

WHEREAS counsel for the Plaintiffs and the Class in the Class Action Litigation are authorized to act on behalf of the Class Members in such actions with respect to all acts and consents required by, or which may be given pursuant to, the Revised Settlement or such other acts which are reasonably necessary to consummate the settlement;

WHEREAS the Court has considered the Revised Settlement Agreement, all exhibits attached thereto, and all of the pleadings, papers, and filings herein, and has conducted hearings on July 27, 2004; December 6, 2004; January 24, 2005; and April 29, 2005;

WHEREAS the terms used herein shall have the same meaning as defined in the Revised Settlement Agreement, which are incorporated herein by reference; and

WHEREAS good cause appearing therefor,

**IT IS ORDERED AS FOLLOWS:**

1.	The Court finds, for purposes of settlement only, that the Class as defined in the Revised Settlement Agreement satisfies the criteria of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and therefore orders that the Settlement Class be certified under Federal Rules 23(b)(3) as follows:

> All Health Plan Members who, at any time between January 1, 1986 and December 31, 1997, made payments to medical product or service providers under a percentage coinsurance plan, where an agreement existed between any of the Defendants and the provider to accept a Discounted Fee and where that Defendant did not use that Discounted Fee in calculating the Health Plan Member's coinsurance payment as required by the Health Plan (the "Class"). The Class does not include: (1) Health Plan Members whose claims have already been resolved in the Court-approved class action settlements in *Lecza v. Healthsource, Inc. et al.,* Civil Action No. C-95-382-JRM, U.S. District Court, District of New Hampshire or *Garvin v. CIGNA Healthsource of South Carolina, Inc.,* Civil Action No. 94-CP-40-3472, South Carolina Court of Common Pleas, Richland County; and (2) those individuals who hold or have held any executive position at Healthsource, and their immediate families.

Specifically, pursuant to Federal Rule 23, the Court finds that: (i) the Class is so numerous that joinder of all members is impracticable; (ii) there are questions of law or fact common to the Class; (iii) the claims or defenses of the representative parties are typical of the claims or defenses of the Class; and (iv) the representative parties will fairly and adequately protect the interests of the Class. The Court further finds that the prosecution of individual actions would create a risk of inconsistent or varying adjudications to the detriment of the Defendants and that adjudications with respect to individual members of the Class would be dispositive of the interests of other members of the Class. The Class representatives shall be Kimberly Sylvester, Lisa Steinbeiser-Maurer, Carolee Lindsey, Roger Cromwell, Jennifer Byrd, Janice Bayne, Robin Mitchum, and Gladys Hall as Personal Representative of the Estate of David Hall. The Court further finds that Counsel for the Class are experienced and qualified to represent Plaintiffs and the Class and have served as competent and diligent advocates for the interests of Plaintiffs and the Class.

Class Representatives are hereby conditionally certified as representatives of the Class defined above. This conditional certification of the Class and Class Representatives is solely for purposes of effectuating the proposed Settlement. If the Revised Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the Class and appointment of Class Representatives shall be void and of no further effect and the parties to the proposed Settlement shall be returned to the status quo each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Agreement might have asserted but for the Revised Settlement Agreement.

3. The Court hereby preliminarily approves the proposed settlement set forth in the Revised Settlement Agreement as fair, reasonable, and adequate to the Class.

4. Pending resolution of the settlement proceedings, the Court hereby asserts jurisdiction over of the Class Members for the purposes of effectuating this settlement and releasing their claims.

5. Pending resolution of these settlement proceedings, no Class Member shall commence or prosecute, either directly or through another person or entity, any action or proceeding in any court or tribunal asserting any of the settled claims against any Defendant or other released party.

6. The Revised Settlement Agreement does not constitute an admission, concession, or indication by Defendants of the validity of any claims in this Class Action or of any wrongdoing, liability, or violation of law by Defendants. Nor does the Revised Settlement Agreement constitute an admission, concession or indication by Plaintiffs or the Class that their alleged damages are limited to the settlement amount.

7. Having considered the Notice and Settlement Distribution Plan submitted by Class Counsel, the Court finds that the Notice to be given pursuant to that Plan is the best

means of Notice to members of the Class that is practicable in the circumstances and constitutes due and sufficient Notice of the proposed Revised Settlement to all Persons entitled to participate in the proposed Settlement, in full compliance with the constitutional requirements of due process and of the Federal Rules of Civil Procedure, including Rules 23(c)(2) and (3) and 23(e) and that no further Notice is necessary.  Class Counsel have represented to the Court that the Notice will include an opt-out deadline of November 7, 2005.  The form and manner of notice proposed by Class Counsel, with the November 7, 2005 opt-out deadline, are hereby approved and Class Counsel are hereby ordered to see that such Notice is effected as described.

8. Before the date fixed by this Court for the final Settlement Hearing, which shall be on November 21, 2005 at 10:00 AM or as soon thereafter as the Court may hear this matter, Class Counsel shall cause to be filed with the Clerk of the Court and served upon Defendants' Counsel affidavits or declarations of the person or persons under whose direction Notice to the Class was effected, certifying that Notice was effected as described.

9. Any Member of the Class may enter an appearance *pro se* or through counsel of such Member's own choosing and at such Member's own expense.  Any Class Member who does not enter an appearance or appear *pro se* will be represented by Class Counsel.

10. Any Member of the Class may choose to be excluded from the Class by timely completing and submitting a request for exclusion in the manner set forth in the direct-mail or publication notice, postmarked no later than fourteen days (14) days prior to the date set below for the Settlement Hearing.  Any Member of the Class who does not submit a timely and valid request for exclusion will be a Member of the Class and will be bound by this Settlement, should the Court grant Final Approval to this Settlement.

11. On November 21, 2005 at the hour of 10:00 A.M., or as soon thereafter as counsel may be heard, in a courtroom of the United States District Court for the District of Maine, 156 Federal Street, Portland, Maine, a hearing conducted by this Court ("the Settlement Hearing") will be held to determine: (a) whether the Court should approve the fairness, reasonableness, and adequacy of the terms and conditions of the proposed Revised Settlement set forth in the Revised Settlement Agreement and enter a final judgment thereon; (b) the reasonableness of the request for payment of compensation to the Class Representatives in an amount not to exceed the amount set forth in the Settlement Agreement; and (c) the reasonableness of the request for payment of attorneys' fees to Class Counsel; (d) the reasonableness of the request for reimbursement of litigation costs to Class Counsel and (e) the reasonableness of the request for reimbursement of the expenses of settlement administration. A transcript will be made of the hearing.

12. Any Member of the Class may appear personally or by counsel at the Settlement Hearing and may object to, support, or express the Class Member's views regarding the proposed Revised Settlement, the proposed compensation to Class Representatives, or the proposed attorney's fees to be paid to Class Counsel, and may present evidence and file briefs or other papers that may be proper and relevant to the issues to be heard and determined by this Court. However, no Class Member shall be heard at these hearings or any other hearing, or be entitled in any way to contest the approval by this Court of the proposed settlement, or any award of attorney's fees or expenses to Plaintiff's Class Counsel, unless no later than ten (10) business days prior to the Settlement Hearing, such Class Member files his or her objections, and the grounds therefor, or the reasons for such person's desire to appear and be heard along with evidence of membership in the Class, in writing with the Clerk of this Court together with any

supporting materials such Class Member wishes the Court to consider. Such papers must also be mailed or delivered on or before that date to all counsel of record as identified in the Notice.

13. Ten (10) business days prior to the Settlement Hearing, Class Counsel shall file with this Court, and serve on Defendants' counsel, copies of all submissions in support of the proposed Revised Settlement Agreement.

14. If the Revised Settlement is approved by the Court, upon Final Approval, all Members of the Class shall be barred and permanently enjoined from prosecuting, commencing, or continuing any settled claim against Defendants or any of the other released parties, and all such Class members shall conclusively be deemed to have released any and all settled claims.

15. The Settlement Hearing, and all dates provided for herein, may from time to time, and without further Notice to the Class, be continued or adjourned by order of the Court.

16. In the event that the Revised Settlement does not become effective in accordance with the terms of the Revised Settlement Agreement, or the Revised Settlement is not finally approved, or is terminated, canceled, or fails to become effective for any reason, this order shall be rendered null and void and shall be vacated, and the parties shall revert to their respective positions as of July 10, 2005.

SO ORDERED.

  /s/ George Z. Singal  
Honorable George Z. Singal  
Chief U.S. District Judge

Dated this 23rd day of August, 2005.