UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Kimberly Sylvester, Lisa Steinbeiser-Maurer, Carolee Lindsey, Roger Cromwell, Jennifer Byrd, Janice Bayne, Robin Mitchum and Gladys Hall, as Personal Representative of the Estate of David Hall, on behalf of themselves and all other persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CIGNA Corporation d/b/a CIGNA Healthcare, CIGNA Holdings, Inc., Connecticut General Corporation, CIGNA Health Corporation, Healthsource, Inc., Healthsource Management, Inc., CIGNA Insurance Group, Inc., f/k/a Healthsource Insurance Group, Inc., Healthsource Corporate Services, Inc., Healthsource Employer Services, Inc., Healthsource South, Inc., Employee Benefit Plan Administration, Inc., Kilmoylar Corporation, CIGNA HealthCare of Maine, Inc., CIGNA HealthCare Preferred of Maine, Inc., Healthsource Maine Management, Inc., CIGNA HealthCare of New Hampshire, Inc., CIGNA HealthCare Preferred of New Hampshire, Inc., CIGNA HealthCare of South Carolina, Inc., CIGNA Insurance Services Company, Physicians' Health Systems, Inc., Provident Health Care Plan, Inc. of South Carolina, CIGNA HealthCare of Indiana, Inc., Healthsource Indiana, Inc., CIGNA Indiana Insurance Company, CIGNA HealthCare of Connecticut, Inc., Healthsource Connecticut Preferred, Inc., Healthsource Connecticut Ventures, Inc., CIGNA HealthCare of New York, Inc., CIGNA HealthCare Preferred of New York, Inc., Healthsource Syracuse, Inc., Healthsource Metropolitan New York Holding Company, Inc., CIGNA HealthCare of Ohio, Inc., CIGNA HealthCare Preferred of Ohio, Inc., Healthsource Ohio Ventures, Inc., CIGNA HealthCare of Kentucky, Inc., Healthsource Kentucky Ventures, Inc., Healthsource Kentucky Preferred, Inc., CIGNA HealthCare of Texas, Inc., Healthsource North Texas, Inc., CIGNA HealthCare of Arkansas, Inc., CIGNA HealthCare Preferred of | Civil Action No. <br> 03-CV-176-P-S |

| | |
|---|---|
| **Arkansas, Inc., Healthsource Arkansas Ventures, Inc.,  Spradley & Coker, Inc., CIGNA HealthCare of Georgia, Inc., Healthsource Georgia Preferred, Inc., CIGNA HealthCare of North Carolina, Inc., Provident Health Care Plan, Inc. of North Carolina, CIGNA HealthCare of North Carolina Administrators, Inc., Healthsource Health Plans, Inc., CIGNA HealthCare of Massachusetts, Inc., Healthsource Florida, Inc., CIGNA HealthCare of Tennessee, Inc., CIGNA HealthCare Preferred of Tennessee, Inc., Healthsource Insurance Company, Healthsource Provident Administrators, Inc., Provident Health Plans, Inc., Provident Health Care Plan, Inc. of Tennessee and Healthsource Rhode Island, Inc.,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| **Defendants.** | ) ) |

## ORDER APPROVING REVISED SETTLEMENT & <u>FINAL ORDER OF DISMISSAL WITH PREJUDICE AND JUDGMENT</u>

Before the Court is Plaintiffs' Motion for Final Approval of Revised Settlement and for Class Certification (Docket # 116) and Class Counsel's Revised Application for Award of Attorneys' Fees and Expenses (Docket # 117).  These motions seek final approval of the Revised Settlement Agreement dated August 12, 2005 (the "Revised Settlement Agreement"). On November 21, 2005, the Court held a final fairness hearing regarding these motions.  Prior to the hearing, the Court received no written objections to the proposed settlement and no objectors appeared at the hearing.  As explained herein, the Court now GRANTS both Plaintiff's Motion for Final Approval and Class Counsel's Revised Application for Award of Attorneys' Fees.

With due and adequate notice having been given to the Class Members as required in the Court's August 23, 2005 Order Preliminarily Approving the Revised Settlement, and the Court having considered all papers filed and proceedings had herein and having otherwise been fully

informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Revised Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Revised Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Class Action Litigation and over all parties to the Class Action Litigation, including all members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court has previously certified the Class for purposes of settlement. The Class is defined as:

> All Health Plan Members who, at any time between January 1, 1986 and December 31, 1997, made payments to medical product or service providers under a percentage coinsurance plan, where an agreement existed between any of the Defendants and the provider to accept a Discounted Fee and where that Defendant did not use that Discounted Fee in calculating the Health Plan Member's coinsurance payment as required by the Health Plan (the "Class"). The Class does not include: (1) Health Plan Members whose claims have already been resolved in the Court-approved class action settlements in Lecza v. Healthsource, Inc. et al., Civil Action No. C-95-382-JRM, U.S. District Court, District of New Hampshire or Garvin v. CIGNA Healthsource of South Carolina, Inc., Civil Action No. 94-CP-40-3472, South Carolina Court of Common Pleas, Richland County; and (2) those individuals who hold or have held any executive position at Healthsource, and their immediate families.

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Revised Settlement Agreement and finds that said Revised Settlement Agreement is, in all respects, fair, reasonable, and adequate. In reaching this conclusion, the Court has considered all of the same factors that it duly considered in its previous Order analyzing an earlier proposed settlement of this action. See Sylvester v. CIGNA Corp., 369 F. Supp. 2d 34, 44-45 (D. Me. 2005).

4. Except as to any individual claim by those Persons identified in Exhibit 1 attached hereto who have validly and timely requested exclusion from the Class, the Class

3

Action Litigation and all claims contained therein, including all claims which could have been contained therein, as well as all of the Settled Claims, are DISMISSED WITH PREJUDICE as to the Class Representatives and the Class Members, and as against the Defendants. The parties shall bear their own costs, except as otherwise provided herein or in the Revised Settlement Agreement.

5. The Court finds that the Revised Settlement Agreement, and settlement contained therein, is fair, reasonable and adequate as to each of the Parties and to all Class Members, and that the Revised Settlement Agreement, and settlement contained therein, is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms. Payments to Class Members (other than Class Representative awards discussed below) are hereby ORDERED to be made in the amounts, time and manner set forth in the Revised Settlement Agreement and the Notice and Settlement Distribution Plan attached thereto.

6. Upon the Effective Date of the Revised Settlement Agreement, the Class Representatives and each of the Class Members who are not listed in Exhibit 1 attached hereto shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Settled Claims against the Defendants.

7. All Members of the Class who are not listed on Exhibit 1 hereto are hereby forever barred and enjoined from prosecuting the Settled Claims against the Defendants.

8. The Notice given to the Class Members provided the best notice practicable in the circumstances regarding the proposed settlement set forth in the Revised Settlement Agreement, to all Persons entitled to such Notice, and said Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

9.      Based upon the duration of this litigation and the Class Representatives' participation, the Court finds the compensation requested by the Class Representatives, Kimberly Sylvester, Lisa Steinbeiser-Maurer, Carolee Lindsey, Roger Cromwell, Jennifer Byrd, Janice Bayne, Robin Mitchum, and Gladys Hall as Personal Representative of the Estate of David Hall, is reasonable and they are awarded $5,000 each as compensation for being Class Representatives.

10.     In addressing Class Counsels' application for an award of attorneys' fees and costs, the Court has considered the affidavit of Class Counsel, and other submissions regarding that request.  The Court has carefully considered the relevant factors in determining the reasonableness of the fee which includes the following: (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite to properly perform the legal services; (2) the likelihood that acceptance of the particular employment will preclude other employment by the lawyers or their law firms; (3) the fee customarily charged for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.

Based upon the foregoing factors, Class Counsel are hereby awarded an attorneys' fee of 33 1/3% (thirty-three and one-third percent) of the $2.3 million recovery, in the amount of $766,666.00.  Class Counsel also shall be reimbursed their out-of-pocket expenses in the amount of $256,516.00.  Such fees and expenses are to be paid by the Settlement Administrator from the Settlement Fund within fourteen (14) days of Final Approval as defined in the Settlement Agreement.  Lead counsel Gregory P. Hansel and T. English McCutchen, in their sole discretion, shall allocate and distribute this award of attorneys' fees and expenses among

counsel for the Class.  Any such allocation and/or distribution by Lead Counsel shall in no way disturb this Final Judgment.

11.  The Settlement Administrator, Tilghman & Co., P.C., shall be paid from the Settlement Fund its actual fee, including expenses, not to exceed a total of $140,000.

12.  Neither the Revised Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Revised Settlement Agreement or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Settled Claim, or of any wrongdoing or liability of Defendants or any of them, or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendants or any of them in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Defendants may file the Revised Settlement Agreement and/or the Judgment from this action in any other action that may be brought against it arising out of the claims asserted or which could have been asserted in this action in order to support a defense or counterclaim based on any applicable principles of <u>res judicata,</u> collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over implementation of this Revised Settlement Agreement and all parties hereto for the purpose of construing, enforcing and administering the terms of the Revised Settlement Agreement.

**SO ORDERED.**

Dated this 21st day of November, 2005.

                                              /s/ George Z. Singal
                                       Chief United States District Court Judge